999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald E. ECK; G. Marlene Eck, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70771.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald E. and G. Marlene Eck appeal the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of the Ecks' income tax liability for tax years 1985 and 1986. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the Tax Court's factual findings as to the nature of the Ecks' transactions under the clearly erroneous standard. Mayors v. Commissioner, 785 F.2d 757, 759 (9th Cir.1986). We review de novo the Tax Court's determinations of law. Kelley v. Commissioner, 877 F.2d 756, 757 (9th Cir.1989). We affirm.
 
 
 3
 The Ecks contend the Tax Court erred by holding that their income from the sale of Christmas trees did not qualify for long-term capital gains treatment as gains from the sale of timber under 26 U.S.C. § 631(b). This contention lacks merit.
 
 
 4
 Section 1231 of the Internal Revenue Code ("Code"), 26 U.S.C., provides that gains from the sale of property used in the trade or business [including timber] "with respect to which section 631 applies" will be treated as a long-term capital gain. 26 U.S.C. § 1231(a), (b)(1) & (2). Section 631(b) provides, in part:
 
 
 5
 In the case of the disposal of timber held for more than 6 months before such disposal, by the owner thereof under any form or type of contract by virtue of which such owner retains an economic interest in such timber, the difference between the amount realized from the disposal of such timber and the adjusted depletion basis thereof, shall be considered as though it were a gain or loss ... on the sale of such timber.
 
 
 6
 26 U.S.C. § 631(b).
 
 
 7
 Revenue Ruling 77-229 addresses the treatment of income generated by the sale of timber in the form of Christmas trees sold on a "choose and cut" basis. That ruling states that because a customer does not incur an obligation to purchase a particular Christmas tree until the tree has been cut, section 631(b) is inapplicable to the sale of such trees. Rev.Rul. 77-229, 1977-2 C.B. 210.
 
 
 8
 Here, the Ecks owned and operated two Christmas tree farms during 1985 and 1986. Two tags were attached to each tree on the farm. The first tag was labeled "Tree Cutting Permit." The customer would insert his or her name on this tag prior to cutting the tree. The second tag contained information about the care of the tree. After selecting and cutting a tree, the customer would take the tree to a barn and pay for the tree.
 
 
 9
 The Ecks reported the income from the sale of the Christmas trees as long-term capital gains in their 1985 and 1986 federal income tax returns. The Commissioner issued a notice of deficiency stating that gains from the sale of Christmas trees do not qualify as long-term capital gains. The Commissioner calculated the gains from the sales as "ordinary income" and assessed a deficiency in excess of $20,000.
 
 
 10
 The Tax Court upheld the Commissioner's determination, rejecting the Ecks' contention that by signing the first tag, the customer entered into a contract to buy the tree, under which the Ecks had "retained economic interest" that persisted until the tree was cut. The Tax Court found that the two-tag system did not satisfy the requirements of Sections 631(b) and 1231(b), which was necessary for long-term capital gain treatment.
 
 
 11
 We agree with the Tax Court's determination that the inserting of the customer's name on the tag and the cutting of the tree are "merely component parts of a single integrated transaction consisting of the sale of a Christmas tree." We do not find gains from the sale of the Ecks' Christmas trees to be gains from the sale or exchange of timber within the meaning of Section 631(b). The Ecks received no consideration at the time the customer inserted his or her name on the tag. Moreover, the customer paid for the tree only after it had been cut. We find this arrangement analogous to the one discussed in Ah Pah Redwood Co. v. Commissioner, 251 F.2d 163, 167 (9th Cir.1957) (no contractual obligation existed until timber had been cut). Accordingly, we determine that the Tax Court did not err by upholding the Commissioner's determination.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3